IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA CRIPE, on behalf of plaintiff and the class members described below, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PHOENIX FINANCIAL SERVICES LLC, and PENDRICK CAPITAL PARTNERS II, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Laura Cripe brings this action to secure redress from unlawful collection and credit reporting practices of defendants Phoenix Financial Services LLC ("Phoenix") and Pendrick Capital Partners II, LLC ("Pendrick"), in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §1692k (FDCPA).

3. Venue in this District is proper because defendants are subject to jurisdiction here.

### PARTIES

1

4. Plaintiff Laura Cripe is an individual who resides in Chicago, Illinois.

5. Defendant Phoenix is a limited liability company organized under Indiana law with its principal offices at 8902 Otis Avenue, Suite 103A, Indianapolis, IN 46216. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. Defendant Phoenix is engaged in the business of a collection agency, using the mails and telephone system to collect debts for others.

7. Defendant Phoenix has a web site on which it describes its business as "Our nationally licensed team specializes in expediting the recovery of medical and student loans, as well as tax and government obligations." (https://www.phoenixfinancialsvcs.com/services/)

8. Defendant Phoenix is a debt collector as defined in the FDCPA.

9. Defendant Pendrick is a limited liability company organized under Delaware law with principal offices at 1714 Hollinwood Drive, Alexandria, VA 22307. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

10. Pendrick maintains a web site on which it describes itself as "a market leader in medical debt purchasing . . . " (https://www.pendrickcp.com/) "Pendrick has purchased more than 75 million accounts with a face value in excess of $25 billion from numerous physician groups, hospitals and ambulance companies." (https://www.pendrickcp.com/#about)

11. Most of Pendrick's revenue comes from the liquidation of the defaulted debts it purchases.

12. On information and belief, Pendrick has no other business except liquidation of

the defaulted debts it purchases.

13. Pendrick is a debt collector as defined in the FDCPA.

## FACTS

14. On or about October 5, 2018, Phoenix, acting on behalf of Pendrick as its authorized agent, sent plaintiff Laura Cripe the letter attached as Exhibit A, seeking to collect a $178 medical debt incurred with an Illinois provider.

15. On information and belief, in October 2018 the debt was close to but not beyond the 5-year Illinois statute of limitations.

16. Exhibit A lists a "date" of January 10, 2014, without stating whether it is a date of service, billing date, date of default, or something else.

17. On information and belief, the statute would have run on or about January 9, 2019.

18. Exhibit A states that "The law limits how long you can be sued on a debt. Because of the age of your debt, the creditor cannot not sue you for it. . . . ."

19. Exhibit A offers a settlement.

20. The quoted language is confusing, and suggests that Pendrick has to sue because the statute of limitations is coming soon.

21. Defendants do not sue on $178 medical bills.

## COUNT I -- FDCPA

22. Plaintiff incorporates ¶¶1-21.

23. Exhibit A violates 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10).

24. Section §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. . . .**

**(2) The false representation of—**

**(A) the character, amount, or legal status of any debt; . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class and a subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

26. The class consists of (a) all individuals in Illinois (b) with respect to whom defendant Phoenix sent or caused to be sent a letter (directly or by an agent or attorney) (c) stating that "Because of the age of your debt, the creditor cannot not sue you for it," (d) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

27. The subclass consists of class members whose debts were owned by Pendrick.

28. On information and belief, the class and subclass are so numerous that joinder of all members is not practicable.

29. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A and similar letters violate the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Mary Frances Charlton
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35717\Pleading\Complaint_Pleading.WPD