# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAURA CRIPE, )<br>on behalf of plaintiff and the class )<br>members described below, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>PHOENIX FINANCIAL SERVICES, LLC )<br>and PENDRICK CAPITAL PARTNERS II, )<br>LLC, )<br> Defendants. ) | Judge Charles P. Kocoras<br><br>Case No.: 1:18-cv-08488<br><br>Magistrate Judge Young B. Kim |

## PHOENIX FINANCIAL SERVICES, LLC'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Now comes Defendant Phoenix Financial Services, LLC ("Phoenix") by and through undersigned counsel, and for its answer and affirmative defenses to plaintiff's complaint, states as follows:

### INTRODUCTION

1. Plaintiff Laura Cripe brings this action to secure redress from unlawful collection and credit reporting practices of defendants Phoenix Financial Services LLC ("Phoenix") and Pendrick Capital Partners II, LLC ("Pendrick") , in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**ANSWER: Phoenix admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") but denies any violations, liability or wrongdoing to the extent alleged in ¶ 1. Except as specifically admitted, Phoenix denies the allegations in ¶ 1.**

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. § 1692k (FDCPA).

**ANSWER:** Phoenix admits the allegations in ¶ 2 for jurisdictional purposes only, but denies any liability, damages or wrongdoing to the extent alleged in ¶ 2. Except as specifically admitted, Phoenix denies the allegations in ¶ 2.

3. Venue in this District is proper because defendants are subject to jurisdiction here.

**ANSWER:** Phoenix admits the allegations in ¶ 3 for the purpose of venue only, but denies any liability, damages or wrongdoing to the extent alleged in ¶ 3. Except as specifically admitted, Phoenix denies the allegations in ¶ 3.

## PARTIES

4. Plaintiff Laura Cripe is an individual who resides in Chicago, Illinois.

**ANSWER:** Phoenix is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 4.

5. Defendant Phoenix is a limited liability company organized under Indiana law with its principal offices at 8902 Otis Avenue, Suite 103A, Indianapolis, IN 46216. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:** Phoenix admits that it is an Indiana limited liability company, with both its principal offices and registered agent located at the addresses listed above. Except as specifically admitted, Phoenix denies the allegations in ¶ 5.

6. Defendant Phoenix is engaged in the business of a collection agency, using the mails and telephone system to collect debts for others.

**ANSWER:** Phoenix admits that its business activities include, under certain circumstances, the collection of accounts using the mail and telephone. Except as specifically admitted, Phoenix denies the allegations in ¶ 6.

7. Defendant Phoenix has a web site on which it describes its business as "Our nationally licensed team specializes in expediting the recovery of medical and student loans, as well as tax and government obligations." (https://www.phoenixfinancialsvcs.com/services/)

**ANSWER:** Phoenix's website's content speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph misstate or mischaracterize the content of the website, the allegations are denied. Except as specifically admitted, Phoenix denies the allegations in ¶ 7.

8. Defendant Phoenix is a debt collector as defined in the FDCPA.

**ANSWER: Phoenix admits only that when it acts as a debt collector, as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, Phoenix denies the allegations in ¶ 8.**

9. Defendant Pendrick is a limited liability company organized under Delaware law with principal offices at 1714 Hollinwood Drive, Alexandria, VA 22307. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER: The allegations in this paragraph are not directed toward Phoenix and, therefore, no response is required. To the extent an answer is necessary, Phoenix is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9.**

10. Pendrick maintains a web site on which it describes itself as "a market leader in medical debt purchasing . . . " (https://www.pendrickcp.com/) "Pendrick has purchased more than 75 million accounts with a face value in excess of $25 billion from numerous physician groups, hospitals and ambulance companies." (https://www.pendrickcp.com/#about)

**ANSWER: The allegations in this paragraph are not directed toward Phoenix and, therefore, no response is required. To the extent an answer is necessary, Phoenix is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10.**

11. Most of Pendrick's revenue comes from the liquidation of the defaulted debts it purchases.

**ANSWER: The allegations in this paragraph are not directed toward Phoenix and, therefore, no response is required. To the extent an answer is necessary, Phoenix is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11.**

12. On information and belief, Pendrick has no other business except liquidation of the defaulted debt it purchases.

**ANSWER: The allegations in this paragraph are not directed toward Phoenix and, therefore, no response is required. To the extent an answer is necessary, Phoenix is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12.**

13. Pendrick is a debt collector as defined in the FDCPA.

**ANSWER: The allegations in this paragraph are not directed toward Phoenix and, therefore, no response is required. To the extent an answer is necessary, Phoenix is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 13.**

## FACTS

14. On or about October 5, 2018, Phoenix, acting on behalf of Pendrick as its authorized agent, sent plaintiff Laura Cripe the letter attached as Exhibit A, seeking to collect a $178 medical debt incurred with an Illinois provider.

**ANSWER: Phoenix admits it had an account in plaintiff's name, and further admits that it sent correspondence regarding this account to the plaintiff on or about October 5, 2018. Further answering, Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph misstate or mischaracterize Exhibit A, the allegations are denied. Except as specifically admitted, Phoenix denies the allegations in ¶ 14.**

15. On information and belief, in October 2018 the debt was close to but not beyond the 5-year Illinois statute of limitations.

**ANSWER: Phoenix is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15.**

16. Exhibit A lists a "date" of January 10, 2014, without stating whether it is a date of service, billing date, date of default, or something else.

**ANSWER: Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph misstate or mischaracterize Exhibit A, the allegations are denied. Except as specifically admitted, Phoenix denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 16, and further denies the allegations in ¶ 16.**

17. On information and belief, the statute would have run on or about January 9, 2019.

**ANSWER: Phoenix is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 17.**

18. Exhibit A states that "The law limits how long you can be sued on a debt. Because of the age of your debt, the creditor cannot not sue you for it. . . . ."

**ANSWER: Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph misstate or mischaracterize Exhibit A, the allegations are denied. Except as specifically admitted, Phoenix denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 18.**

19. Exhibit A offers a settlement.

**ANSWER: Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph misstate or mischaracterize Exhibit A, the allegations are denied. Except as specifically admitted, Phoenix denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 19.**

20. The quoted language is confusing, and suggests that Pendrick has to sue because the statute of limitations is coming soon.

**ANSWER: Phoenix denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 20, and further denies the allegations in ¶ 20.**

21. Defendants do not sue on $178 medical bills.

**ANSWER: Phoenix admits that it typically does not file lawsuits. Except as specifically admitted, Phoenix denies the allegations in ¶ 21.**

### COUNT I -- FDCPA

22. Plaintiff incorporates ¶¶ 1-21.

**ANSWER: Phoenix repeats and realleges its answers to ¶¶ 1-21 as though fully stated herein.**

23. Exhibit A violates 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10).

**ANSWER: Phoenix denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 23, and further denies the allegations in ¶ 23.**

24. Section § 1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. . . .**

> **(2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER: Paragraph 24 contains a legal conclusion only, requiring no response. To the extent a response is necessary, Phoenix denies any violations, wrongdoing, liability or damages to the extent alleged in ¶ 24, and further denies the allegations in ¶ 24.**

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class and a subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER: Phoenix admits plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, Phoenix denies the allegations in ¶ 25.**

26. The class consists of (a) all individuals in Illinois (b) with respect to whom defendant Phoenix sent or caused to be sent a letter (directly or by an agent or attorney) (c) stating that "Because of the age of your debt, the creditor cannot not sue you for it," (d) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

**ANSWER: Phoenix admits plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, Phoenix denies the allegations in ¶ 26.**

27. The subclass consists of class members whose debts were owned by Pendrick.

**ANSWER: Phoenix admits plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, Phoenix denies the allegations in ¶ 27.**

28. On information and belief, the class and subclass are so numerous that joinder of all members is not practicable.

**ANSWER:  Phoenix admits plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, Phoenix denies the allegations in ¶ 28.**

29.  There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A and similar letters violate the FDCPA.

**ANSWER:  Phoenix admits plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, Phoenix denies the allegations in ¶ 29.**

30.  Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:  Phoenix admits plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, Phoenix denies the allegations in ¶ 30.**

31.  Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:  Phoenix admits plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, Phoenix denies the allegations in ¶ 31.**

32.  A class action is superior for the fair and efficient adjudication of this matter, in that:

a.  Individual actions are not economically feasible.

b.  Members of the class are likely to be unaware of their rights;

c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:  Phoenix admits plaintiff purports to bring this action on behalf of a class, but denies that this action meets the requirements of a class action. Except as specifically admitted, Phoenix denies the allegations in ¶ 32 and its subparagraphs a-c.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

i. Statutory damages;

ii. Attorney's fees, litigation expenses and costs of suit;

iii. Such other and further relief as the Court deems proper.

**ANSWER: In response to the allegations following ¶ 32, which constitutes a prayer for relief, Phoenix denies that plaintiff is entitled to the relief sought.**

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, Defendant Phoenix Financial Services, LLC avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event Phoenix is found to be a debt collector as defined in FDCPA, which is denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Phoenix denies any liability; however, regardless of liability, plaintiff has suffered no damages as a result of the alleged violations of law.

### THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, which is denied, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred an injury in fact, and plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails in whole or in part to satisfy the requirements for class certification.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's individual and class claims may be subject to an arbitration agreement and/or class action bar.

WHEREFORE, Defendant, Phoenix Financial Services, LLC, respectfully requests that plaintiff's lawsuit be dismissed with prejudice, and for all other general and equitable relief.

Dated: February 27, 2019					Respectfully Submitted:

							s/ *Morgan I. Marcus*
							Morgan I. Marcus
							Andrew E. Cunningham
							Sessions, Fishman, Nathan & Israel, LLC
							141 W. Jackson Boulevard, Suite 3550
							Chicago, Illinois 60604
							Telephone:	(312) 578-0985
							Emails:		mmarcus@sessions.legal
									acunningham@sessions.legal

							*Attorneys for Defendant,*
							*Phoenix Financial Services, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 27th day of 2019, a true and correct copy of **Phoenix Financial Services, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

           *s/ Morgan I. Marcus*

           *Attorneys for Defendant,*
           *Phoenix Financial Services, LLC*